```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

PEARSON EDUCATION, INC.,            :
JOHN WILEY & SONS, INC.,
CENGAGE LEARNING INC. AND           :
THE MCGRAW-HILL COMPANIES, INC.,
                                    :
              Plaintiffs,
                                    :
        -against-                           07 Civ. 8028 (CM)
                                    :
JOHN DOE D/B/A LPE BOOKSTORE
D/B/A KBS AND JOHN DOES             :
NOS. 1-5,
                                    :
              Defendants.
                                    :
- - - - - - - - - - - - - - - - - -x
```

DECLARATION OF WILLIAM DUNNEGAN IN SUPPORT OF
PLAINTIFFS' APPLICATION FOR AN ORDER ALLOWING
SERVICE ON DEFENDANT BY E-MAIL AND U.S. MAIL AND
ALLOWING SERVICE OF SUBPOENAS ON ABEBOOKS INC.,
GOOGLE INC., PAYPAL, INC., AND EBAY, INC.

WILLIAM DUNNEGAN hereby declares pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1.  I am a member of the bar of this Court and the firm of Dunnegan LLC, attorneys for plaintiffs in this action, which was filed on September 12, 2007.

2.  I am making this declaration in support of plaintiffs' application for an order authorizing plaintiffs (i) pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York CPLR § 308(5), to serve defendant John Doe d/b/a LPE Bookstore d/b/a KBS ("LPE Bookstore")

with the summons and complaint in this action by e-mail and U.S. mail, and (ii) pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, to serve subpoenas on AbeBooks Inc. ("AbeBooks"), Google Inc. ("Google"), PayPal, Inc. ("PayPal"), and eBay, Inc. ("eBay"), to identify and locate defendants LPE Bookstore and John Does Nos. 1-5.

3. Under Rule 4(e)(1), the Court has authority to permit service on an individual defendant located in the United States by any means available under the laws of the State in which the Court sits. Under CPLR § 308(5), a plaintiff may accomplish service in any manner that the Court directs, if service is not practical under CPLR § 308 (1), (2) or (4). See D.R.I. Inc. v. Dennis, 2000 U.S. Dist. LEXIS 22541 (S.D.N.Y. 2004)(Leisure, J.); See generally Rio Properties, Inc. v. Rio International Interlink, 284 F.3d 1007 (9th Cir. 2002)(Affirming lower court's decision permitting service on foreign defendant via e-mail).

4. In this case, neither service nor substitute service under CPLR § 308 (1), (2), or (4) is feasible.

5. The complaint alleges that defendants have without permission purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States through

the Internet at the website AbeBooks.com, using the e-mail address lowprice.edition@gmail.com.

6. We have been, by searching the Internet, unable to locate a physical address for the defendant.

7. Due to the electronic nature of LPE Bookstore's business, we seek an order authorizing us to serve him using the e-mail address used in processing his sales, lowprice.edition@gmail.com, as well as by mailing a copy of the complaint, summons, and order allowing service to the defendant's last known address of 1011 East Orange Street, #63, Tempe, Arizona 85281 in a envelope bearing the legend "personal and confidential" and not indicating on the outside that the communication is from an attorney or concerns an action against the person to be served.

8. Under these circumstances, service to this e-mail address and last known address is reasonably calculated to give notice to LPE Bookstore, and much more likely to give actual notice of the action than service by publication.

9. Other judges of this Court have granted similar applications to serve a defendant by e-mail. A copy of the order of Judge Koeltl in the action of <u>Pearson Education, Inc., et al. v. Mushfiq Saleheen d/b/a "books777,"</u> 07 Civ. 4547, is attached as Exhibit A. A copy

of the order of Judge Sprizzo in the action entitled <u>John Wiley & Sons, Inc. v. Abdel Ghani d/b/a "bubblesolutions,"</u> 05 Civ. 2319, is attached as Exhibit B.  A copy of the order of Judge Owen in the action entitled <u>John Wiley & Sons, Inc. v. Athmane en Nasseri d/b/a "science help,"</u> 05 Civ. 2575, is attached as Exhibit C.

      10.  As a distribution service LPE Bookstore uses, AbeBooks probably knows the true identity and location of the individual or individuals using the name LPE Bookstore.

      11.  As an e-mail service used by LPE Bookstore, Google probably knows the true identity and location of the individual or individuals using the name LPE Bookstore.

      12.  As a payment service used by LPE Bookstore, PayPal, probably knows the true identity and location of the individual or individuals using the e-mail <u>lowprice.edition@gmail.com</u>.

      13.  As a probable auction service of LPE Bookstore, eBay probably knows the true identity and location of the individual or individuals using the e-mail <u>lowprice.edition@gmail.com</u>.

      14.  Under Rule 26(d), however, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Without the

identities and locations of the defendants, this conference is not possible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of October 2007 in New York, New York.

_____
William Dunnegan

5